# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

### Petition for Summons for Offender Under Supervision

**Name of Offender**  
Marvin Wayne Young

**Docket Number**  
0971 CR-08-00807-001 CW

**Name of Sentencing Judge:**   The Honorable Claudia Wilken  
Senior United States District Judge

**Date of Original Sentence:**   May 20, 2009

**Original Offense**  
Count One: Distribution of Cocaine Base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), a Class B Felony.

**Original Sentence:** 60 months custody, four years supervised release

**Special Conditions:** $100 special assessment; provide probation officer access to any requested financial information; substance abuse testing and treatment; make an application to register as a drug offender; expanded search; weapons prohibition; DNA; no contact with any victims or witness in this case, either directly or indirectly.

**Prior Form(s) 12:** On October 3, 2014, a Form 12 Report on Offender Under Supervision was filed by the Court. The offender admitted to smoking marijuana and was referred to substance abuse treatment at Dolan Mental Health, in Oakland, California.

**Type of Supervision**  
Supervised Release  
**Assistant U.S. Attorney**  
Unassigned

**Date Supervision Commenced**  
August 11, 2014  
**Defense Counsel**  
James Vaughns (Appointed)

### Petitioning the Court

The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Kandis A. Westmore, for identification of counsel and setting of further proceedings on March 26, 2015, at 9:30 a.m.

I, Malik Ricard, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The

**RE:**   Young, Marvin Wayne                                                                                                    2
         0971 CR-08-00807-001 CW

factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated standard condition number seven which states he shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. |

The offender admitted and tested positive for the usage of marijuana.

On February 18, 2015, I contacted the offender at his new residence located in Richmond, CA. After conducting a home inspection, I directed the offender to submit a urinalysis specimen. Prior to the drug test, the offender admitted to smoking marijuana on February 16, 2015. The offender subsequently submitted a sample which came back presumptive positive for marijuana. The specimen came back confirmed positive for marijuana metabolite per the National Lab.

Evidence of this violation can be found in this officer's chronological entries dated February 18, 2015, and the Drug Test Report from Alere Toxicology Services, dated February 23, 2015 (specimen #B03084426).

| Charge Number | Violation |
|---|---|
| Two | There is probable cause to believe that the offender violated standard condition number six which states he shall notify the probation officer at least ten days prior to any change in residence or employment. |

The offender moved from his listed residence in Antioch, California, to a new residence in Richmond, California, without any notification to this officer.

On November 25, 2014, I attempted to contact the offender at his listed address of 2369 Yorkshire Drive, Antioch, CA 94531. The offender was not present, and after touring and speaking with the occupants of the home, I determined that the home was not the offender's primary residence.

On December 9, 2014, I contacted the offender in North Richmond, California, as he was loitering on the street corners of 5th Street and Chesley Avenue. The offender was standing directly across the street

**RE:**     Young, Marvin Wayne                                                                                          3
             0971 CR-08-00807-001 CW

> from Sun Set Market Liquor and Grocery Store. According to Contra Costa County Sheriff's Office and the Richmond Police Department, this area has been designated as a high narcotics trafficking area. Upon questioning the offender about why he was in the North Richmond area, he admitted to not staying at his cousin's house in Antioch, and reported he was staying at three different residences in the North Richmond area. The offender indicated it was becoming difficult for him to commute to his employment located in Oakland, California, and he also wanted to be closer to his two children who reside in the Richmond area.
>
> Evidence of this violation can be found in this officer's chronological entry dated December 9, 2014.

| Charge Number | Violation |
|---|---|

Three

> There is probable cause to believe that the offender violated standard condition number eight which states he shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
>
> During an unannounced field contact, the offender was observed to be loitering in North Richmond, California, in a known area of high narcotics trafficking area.
>
> As previously stated above in Charge Two, On December 9, 2014, I contacted the offender in North Richmond, California, as he was loitering on the street corners of 5th Street and Chesley Avenue. The offender was standing directly across the street from Sun Set Market Liquor and Grocery Store, with a group of approximately six unknown male individuals. According to Contra Costa County Sheriff's Office and the Richmond Police Department, this area has been designated as a high narcotics trafficking area.
>
> Evidence of this violation can be found in this officer's chronological entry dated December 9, 2014.

| Charge Number | Violation |
|---|---|

Four

> There is probable cause to believe that the offender violated the mandatory condition which states he shall not commit another federal, state, or local crime.
>
> The offender received a traffic citation for operating a vehicle while being an unlicensed driver, in violation of California Vehicle Code (VC) 12500 – Driving Without a License.
>
> On January 15, 2015, the offender was contacted by the Pinole Police Department, in the area of 1417 Fitzgerald Drive, Pinole, California. The offender was driving a gold Buick Regal with a California license plate of

**RE:**    Young, Marvin Wayne                                                                                            4
            0971 CR-08-00807-001 CW

>   7DIT303. The vehicle was not registered in the offender's name. According the offender's rap sheet, he doesn't have a valid California Department of Motor Vehicles (DMV) class C driver's license. According to the issued citation, the offender has a court date on March 20, 2015, at 9:00 a.m., at Contra Costa Superior Court, located in Richmond, California.
>
>   Evidence of this violation can be found in the Pinole Police Department citation #64-1469931, and the offender's DMV records in his rap sheet.

Based on the foregoing, there is probable cause to believe that Marvin Wayne Young violated the conditions of his Supervised Release.

Respectfully submitted,                                     Reviewed by:

_____                           _____
Malik Ricard                                                Nicole M. Brown
U.S. Probation Officer                                      U.S. Probation Officer Specialist
Date Signed: March 17, 2015

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

[X]   The issuance of a summons for the offender to appear in court before the duty Magistrate Judge, Kandis A. Westmore, for identification of counsel and setting of further proceedings on March 26, 2015, at 9:30 a.m.

[ ]   Other: _____.


March 18, 2015                                              _____
Date                                                        Claudia Wilken
                                                            Senior United States District Judge

**RE:**   Young, Marvin Wayne                                                                                               5
          0971 CR-08-00807-001 CW

APPENDIX

Grade of Violations:  C
          [USSG §7B1.1(a)(1)(3)]

Criminal History at time of sentencing:  III

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Two Years<br>18 U.S.C.§3583(e)(3) | 5-11 months<br>U.S.S.G.§ 7B1.4(a) |
| **Supervised Release:** | Three Years<br>18 U.S.C.§3583 (b) | Three Years, less any custody imposed<br>U.S.S.G.§ 7B1.3(g)(2) |
| **Probation:** | Not Applicable | Not Applicable |

**U.S.S.G 7B1.3(g)(2)**:  If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statue for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

**U.S.S.G 7B1.3(a)(2):**  Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.